UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT D. BARR, | ) | CASE NO. 1:24-cv-1931 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHERN OHIO RECOVERY ASSOCIATION, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is Plaintiff Robert D. Barr's Motion for Order Allowing Plaintiff to Withdraw and Amend Deemed Admissions Under Fed. R. Civ. P. 36(b).  (Doc. 18.)  Defendant Northern Ohio Recovery Association opposed the motion (Doc. 21), and Plaintiff replied (Doc. 22).  For the reasons stated herein, Plaintiff's Motion for Order Allowing Plaintiff to Withdraw and Amend Deemed Admissions Under Fed. R. Civ. P. 36(b) (Doc. 18) is DENIED.

**I.     BACKGROUND**

On November 5, 2024, Plaintiff Robert D. Barr ("Plaintiff" or "Barr") removed this action from the Cuyahoga County Court of Common Pleas.  (Doc. 1.)  Barr is the Chapter 7 Bankruptcy Trustee of Kristyn Thompson and asserts claims on her behalf.  (Doc. 1-1 at 8.)[1] Thompson is a former employee of Defendant Northern Ohio Recovery Association ("Defendant" or "NORA").  (*Id.* at ¶ 19.)  Thompson alleges NORA unlawfully discriminated

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

and retaliated against her and wrongfully terminated her in violation of state and federal laws. (*See id.* at ¶¶ 153-80, 187-203.)

On February 27, 2025, the Court held its Case Management Conference and established deadlines. (Doc. 14.) The deadline for non-expert discovery was set for November 3, 2025, and the deadline for dispositive motions was set for December 12, 2025. (*Id.*)

On April 2, 2025, Defendant served its First Set of Interrogatories, Requests for Production, and Requests for Admission on Plaintiff via email. (Doc. 21-1 at ¶ 3, 233.) Pursuant to Federal Rule of Civil Procedure 36(a)(3), Plaintiff's responses to the Requests for Admission were due on May 2, 2025. Plaintiff did not respond to the discovery requests, including the Requests for Admission, or request an extension by May 2, 2025. (*Id.* at ¶ 4.)

On July 1, 2025, Plaintiff's counsel, Richard Protiva, acknowledged receipt for the first time. (*Id.*) Plaintiff's counsel stated via email, "This one slipped through the cracks. Can we please get an additional 21 days from this point to get this one out to you? I will hustle this one to you as soon as we can." (*Id.* at 256.)

On July 2, 2025, Defendant's counsel responded, "We cannot waive the admissions due to the client's position, but we are happy to give you the days to respond to the interrogatories and document requests if you can get us plaintiff's deposition dates for August." (*Id.* at 258.)

On August 4, 2025, Plaintiff's counsel emailed Defendant's counsel a link that purportedly contained responses to the discovery requests, including the Requests for Admissions. (*Id.* at 263.) However, the link did not include written responses to the discovery requests. (*Id.* at ¶ 6.) Instead, it contained a file with 539 documents that were largely duplicative. (*Id.*)

On September 17, 2025, Defendant's counsel sent a letter regarding the discovery

deficiencies to Plaintiff's counsel. (*Id.* at 265-66.) The same day, Plaintiff's counsel responded and acknowledged that written responses were not served on August 4, 2025. (*Id.* at 268.) He attached purported responses to the discovery requests, including Requests for Admission. (*Id.*) However, the document did not respond to all interrogatories, did not respond to document requests, and contained allegedly inappropriate admission responses. (*Id.* at ¶ 7.)

Still the same day, Chris Wido sent an email stating he was taking over as Plaintiff's counsel for Richard Protiva. (*Id.* at 271.) Wido stated the documents produced on August 4, 2025, contained attorney work product, privileged information, and needed to be destroyed. (*Id.*) He further stated Plaintiff would be available for a deposition between October 29, 2025, and the November 3, 2025 close of discovery deadline. (*Id.*) Plaintiff's counsel also attached Plaintiff's own set of discovery requests. (*Id.*)

On September 18, 2025, Defendant's counsel raised issues with Plaintiff's proposed deposition schedule, the delay in discovery, and that the written responses provided the previous day were largely bank and non-responsive. (*Id.* at 275.) Plaintiff's counsel responded, explaining the reason responses were blank was because Protiva sent the "wrong copy of responses." (*Id.* at 282.) He attached the correct copy to the September 18, 2025 email. (*Id.*)

On September 22, 2025, Plaintiff filed the instant Motion for Order Allowing Plaintiff to Withdraw and Amend Deemed Admissions Under Fed. R. Civ. P. 36(b). (Doc. 18.) Plaintiff asserts when Defendant served the April 2, 2025 discovery requests, including the Requests for Admission, counsel's law firm was migrating servers and experienced email disruptions. (*Id.* at 152.) On July 1, 2025, Plaintiff's counsel discovered the April 2, 2025 email during a post-migration audit and requested an extension. (*Id.*) Plaintiff argues upholding the deemed admissions would foreclose presentations of the merits and would compel admissions contrary to

undisputed record facts.  (*Id.* at 153.)  To Plaintiff, "withdrawal promote[s] adjudication on the merits and will not prejudice Defendant."  (*Id.*)

On October 2, 2025, the parties jointly moved to extend various deadlines.  (Doc. 20.)  The Court granted the motion in part.  (*See* 10/3/2025 Order.)  The Court extended the non-expert discovery deadline by one week to November 10, 2025, but did not extend the dispositive motion deadline.  (*Id.*)

On October 14, 2025, Defendant opposed Plaintiff's request to withdraw the deemed admissions.  (Doc. 21.)  Defendant asserts Plaintiff did not respond to the Requests for Admission until September 18, 2025, 139 days after the May 2, 2025 deadline.  (*Id.* at 217.)  On July 1, 2025, Plaintiff learned Defendant considered the admissions to be deemed admitted, but Plaintiff waited until September 22, 2025, 82 days later, to file the instant motion.  (*Id.* at 218.)  If Plaintiff is able to withdraw the admissions, Defendant would have "to race to obtain discovery at the last minute," Defendant urges.  (*Id.*) To Defendant, Plaintiff's delay "has severely prejudiced Defendant in litigating this matter."  (*Id.*)

II.     **LAW AND ANALYSIS**

Under Federal Rule of Civil Procedure 36(b), "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  "A district court has considerable discretion over whether to permit withdrawal or amendment of admissions."  *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) (quotations and citation omitted).  This "discretion must be exercised in light of Rule 36(b), which permits withdrawal (1) 'when the presentation of the merits of the action will be subserved thereby,' and (2) 'when the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.'"  *Id.* (quoting FED. R. CIV. P. 36(b)).  The prejudice "is not simply that the party who

initially obtained the admission will now have to convince the fact finder of its truth." *Id.* (quotations and citation omitted). Instead, prejudice under Rule 36(b) "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Id.* (quotations and citation omitted). Defendant bears the burden to demonstrate it would be prejudiced if the deemed admissions are withdrawn. *Riley v. Kurtz*, 194 F.3d 1313 (Table), 1999 U.S. App. LEXIS 32900, 1999 WL 801560, at *3 (6th Cir. Sept. 28, 1999).

Defendant does not challenge whether the first prong is met here, namely that permitting Plaintiff to withdraw the deemed admissions would promote presentation of the merits. (*See* Doc. 21 at 224.) Instead, Defendant urges that district courts in the Sixth Circuit have allowed default admissions to serve as the basis for summary judgment. (*Id.* (citing *Jasar Recycling, Inc. v. Major Max Mgmt. Corp.*, No. 4:08-cv-2830, 2010 U.S. Dist. LEXIS 5086, 2010 WL 395212, at * 3 (N.D. Ohio Jan. 22, 2010)).) Accordingly, Plaintiff's motion hinges on whether Defendant has demonstrated prejudice under the second prong of the Rule 36(b) analysis.

Defendant argues it will be severely prejudiced if the admissions are withdrawn because "Plaintiff wholly ignored this matter for many, many months." (Doc. 21 at 224-25.) This Court agrees. Plaintiff finally responded to the Requests for Admissions on September 18, 2025, 139 days late. But Plaintiff was on notice as early as July 2, 2025, that Defendant considered the requests to be deemed admitted. Despite being on notice of the deemed admissions, Plaintiff waited another 82 days to seek withdrawal. Had Defendant known Plaintiff would be seeking withdrawal, Defendant could have been pursuing discovery during that time. Plaintiff is correct that his 82-day delay in filing is not as egregious as the 11-month delay in *Covarrubias v. Five Unknown INS/Border Patrol Agents*, 192 F. App'x 247 (5th Cir. 2006). But that fact does not

absolve Plaintiff's dilatory filing in the context of Plaintiff's conduct throughout the entirety of this litigation.

Defendant has met its burden to establish it will be prejudiced by withdrawal or amendment of the Requests for Admission at issue. The close of discovery in this matter is set for November 10, 2025. Allowing Plaintiff to withdraw the deemed admissions this close to the discovery deadline creates the sudden need to obtain evidence Defendant could have been pursuing during the discovery period. This is the very prejudice contemplated by Rule 36(b).

Although Plaintiff asserts Defendant is not prejudiced because it always planned to take Plaintiff's deposition, this argument is not persuasive. (*See* Doc. 22 at 289.) On July 2, 2025, Defendant requested dates for Plaintiff's deposition to occur in August. It was not until September 17, 2025, that Plaintiff's counsel finally offered Plaintiff to be available at the end of October, just days before the close of discovery. Plaintiff cannot fail to participate in discovery and then use that failure to his advantage. If the admissions are withdrawn now, Defendant would only have a matter of days to obtain discovery on the various topics covered in the thirty-six Requests for Admission at issue.

This Court has already made clear that deadlines will not be further extended in this matter. Any request by Plaintiff to do so cannot meet the "good cause" standard under Rule 16(b)(4). *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of 'good cause' under Rule 16(b) is whether the moving party has worked diligently in attempting to meet the case management order's requirements.") (quotations and citations omitted). Plaintiff has not worked diligently in prosecuting this matter. Allowing Plaintiff to withdraw the deemed admissions at this stage would unfairly prejudice Defendant.

### III. CONCLUSION

For the reasons stated herein, Plaintiff Robert D. Barr's Motion for Order Allowing

Plaintiff to Withdraw and Amend Deemed Admissions Under Fed. R. Civ. P. 36(b) (Doc. 18) is DENIED.

    **IT IS SO ORDERED.**

**Date:**  October 28, 2025

                                              */s/ Bridget Meehan Brennan*
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE